IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| ACROSS THE POND, LLC | * | Case No.: 24-00179-ELG |
| | | Chapter 11 |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO OBTAIN POSSESSION OF THE LEASED PREMISES LOCATED AT 1732 CONNECTICUT AVENUE, WASHINGTON, D.C. 20009**

The Duvar Family Trust (the "Landlord" or "DFT"), by and through undersigned counsel and pursuant to 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, files this Motion for Relief from Automatic Stay to Obtain Possession of the Leased Premises Located at 1732 Connecticut Avenue, Washington, D.C. 20009 (the "Motion"), and in support thereof, states as follows:

Jurisdiction and Venue

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding under 28 U.S.C. § 157.

2. Venue is proper pursuant to 28 U.S.C. § 1408.

Statement of Facts

3. On May 28, 2024, (the "Petition Date"), the Debtor, Across the Pond, LLC (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

4. The Debtor entered into a Lease Agreement with Natalie Koropoulos dated February 21, 2017 for the space located at 1732 Connecticut Avenue, Washington, D.C. 20009 The "Premises"). A copy of the Lease Agreement is attached hereto as **Exhibit 1**.

5. The Lease Agreement was assigned to DFT, effective April 1, 2021. A copy of the assignment is attached hereto as **Exhibit 2**.

6. The Lease expires by it own terms on May 7, 2027. See **Exhibit 1**.

7. Prior to the commencement of the case, the Landlord obtained a judgment for possession from the Superior Court for the District of Columbia. A copy of the Judgment is attached hereto as **Exhibit 3**.

8. On the Petition Date, the Debtor owed the Landlord one hundred sixty-eight thousand seven hundred fifty dollars ($168,750.00) for unpaid rent exclusive of late fees or penalties. A copy of the rent ledger is attached hereto as **Exhibit 4**. The Debtor has not made a rental payment since June, 2022.

9. The Debtor filed this instant case the day before a scheduled hearing in the Superior Court for the District of Columbia on the Landlord's request for a writ of eviction. See **Exhibit 5**.

10. The Debtor failed to list the Landlord as a creditor in the Chapter 11 case. Given the litigation between the Landlord and Debtor, the failure to list the Landlord as a creditor was intentional. Further, the case was filed in bad faith, since no rent payments have been made since October, 2022 and the Superior Court has already granted possession in favor of the Landlord.

11. The Debtor has failed to make payment of the post-petition rent and has stated in writing that it will not pay the rent. A copy of an email from the Debtor is attached hereto as **Exhibit 6**.

12. The Debtor's failure to pay rent is an event of default under the Lease Agreement. Further, the Debtor's failure to pay post-petition rent constitutes further default under the Lease

Agreement.

13.  Since the Landlord has obtained a writ of possession and the Debtor has failed to pay the post petition rent in full and in a timely manner, and the fact that the Debtor cannot offer the Landlord adequate protection, the Landlord seeks relief from the automatic stay in order to obtain a writ of eviction and possession of the Premises.

Legal Argument

14.  The Landlord has and continues to be irreparably injured by the automatic stay provided tot he Debtor in § 362(a) of the Code, which prevents the Landlord from taking possession of the Premises and re-letting the space to a paying tenant.

The Code provides that the Court shall grant a party-in-interest relief from the stay:

1.  for cause, including the lack of adequate protection of an interest in property of such party-in-interest;

2.  with respect to a stay of an act against property under subsection (a) of this section, if –

    (A)  the debtor does not have equity in such property; and

    (B)  such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

15.  In this case, ample cause exists to lift the automatic stay. The Debtor has failed to pay any post-petition rent and has stated it will not pay the full post-petition rent.

16.  Additionally, the Debtor has failed to pay the full amount of rent under the Lease Agreement. As of the Petition Date, the Debtor owed the landlord one hundred sixty-eight thousand seven hundred fifty dollars ($168,750.00), exclusive of late fees or penalties. The

Debtor cannot provide the Landlord with adequate protection of its interest in the Premises.

17. The Debtor is unable or unwilling to provide the Landlord adequate protection of its interest in the Premises. "[A]dequate protection of a lessor's interest under the lease is the lessee's performance of that lease." In re Integrated Petroleum Co,, Inc., 44 B.R. 210, 214 (Bank. N.D. Ohio 1084); See also In re Dabney, 45 B.R. 312, 313-14 (Bank. E. D. Pa. 1985)(adequate protection is performance for which the lessor has contracted).

18. When a lessee fails to perform its obligations under the lease and fails to show that "there is a reasonable likelihood of it being able to perform in the future," the lessee cannot establish that it can adequately protect the lessor's interest. Integrated Petroleum, 44 B.R. at 214-15.

19. The Debtor has failed to perform under the Lease Agreement since November, 2022. See **Exhibit 4**. That failure has continued since the filing and the Debtor has manifested an intent to continue with the non-performance. Therefore, the Landlord is entitled to relief from the automatic stay to proceed with its rights and remedies under the Lease Agreement and applicable law to obtain possession of the Premises.

20. Further, the Debtor's interest in the Premises was terminated when the Superior Court for the District of Columbia granted possession to the Landlord. See **Exhibit 3**. The Debtor failed to redeem the Premises. Further, a writ for eviction was pending on the Petition Date. Therefore, the Landlord is entitled to relief from the automatic stay to proceed with its rights and remedies under the Lease Agreement and applicable law to obtain possession of the Premises.

21. The Debtor's failure to pay rent and the termination of the Lease Agreement

constitute cause to lift the automatic stay.

**WHEREFORE**, the Duvar Family Trust respectfully requests that this Court enter an Order that:

    A.    Grants this Motion;

    B.    Lifts the automatic stay so that the Landlord may exercise its state court remedies and obtain possession of the Premises;

    C.    Waives the stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3); and

    D.    Grants such other and further relief as justice and equity demand.

Respectfully submitted,

\s\ Richard B. Rosenblatt
Richard B. Rosenblatt, #
**The Law Offices of Richard B. Rosenblatt, PC.**
30 Courthouse Square, Suite 302
Rockville, Maryland  20850
(301) 838-0098
rrosenblatt@rosenblattlaw.com

*Counsel for Duvar Family Trust*

### Certificate of Service

    I HEREBY CERTIFY that on the 7th day of June, 2024, an electronic copy of the foregoing, Motion for Relief from Automatic Stay to Obtain Possession of the Leased Premises Located at 1732 Connecticut Avenue, Washington, D.C., was served via ECF and by first class mail, postage pre-paid on:

Across the Pond, LLC
1732 & 1734 Connecticut Avenue
Washington, D.C. 20009

Jeffery Martin, Esquire
Martin Law Group, PC
8065 Leesburg Pike
Vienna, Virginia 22182

Kristen S. Eustis, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314


and by first class mail, postage pre-paid on the twenty largest unsecured creditors:

BFPE International, Inc.
7512 Connelley Dr
Hanover, MD 21076

Buck Head Meat and Seafood Mid Atlantic
1920 Stanford, Ct
Hyattsville, MD 20785

Collections Company AGA
740 Walt Whitman Rd
Melville, NY 11747

EIDL Loan Department of the Treasury
200 CrossKeys Office Park
Fairport, NY 14450

Jani King of Washington DC, Inc
P O Box 741360
Atlanta, GA 30384

Pepco
P.O Box 13608
Philadelphia, PA 19101

Travelers Insurance-Credit Collection
725 Canton Street
Norwood, MA 02062

Travelers Insurance-Leviton Law Firm, LTD
One Pierce Place Drive
Itasca, IL 60143

                                      \s\ Richard B. Rosenblatt
                                      Richard B. Rosenblatt